**In re Juanita COLLIDA and Joe Collida.**

**No. 01–36272–H2–13.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Nov. 20, 2001.

---

19. *See* Bankruptcy Code Section 1305, Federal Rules of Bankruptcy Procedure 3002, legislative history cited above.

Mary A. Daffin, Barrett Burke Wilson Castle Daffin & Frappier LLP, John P. Dillman, Linebarger Heard, Houston, TX, for creditors.

Hallie Ward Gill, Houston, TX, for debtor.

***ORDER DENYING EXPEDITED HEARING AND IMPOUNDMENT (doc # 24) AND SETTING HEARING ON ATTORNEYS' FEES (doc # 23)***

WESLEY W. STEEN, Bankruptcy Judge.

Hallie Gill ("Counsel"), counsel for the Debtors in this case, filed a "Motion for Administrative Expenses & Compensation" (docket # 23) and a Motion to Impound funds and for Expedited Hearing

(docket # 24). Together these two motions assert that the Debtors have paid substantial sums to the chapter 13 trustee and that, since the case has been dismissed without confirmation of a chapter 13 plan, the Court should require that these funds be paid to Counsel as attorneys fees rather than being returned to the Debtors.

The motions disclose that the Debtors have already paid Counsel $1,575.00. Counsel seeks an additional payment of $2,037.00. The motions allege that the Debtors had 12 creditors. The motions further allege that the following significant matters occurred in the case: two motions to dismiss filed by the trustee, one order issued by the Court for the Debtors to show cause why the case should not be dismissed as abusive of the bankruptcy process, and one motion by a secured creditor to lift the stay. These proceedings required four appearances in court.

*Motion for Expedited Hearing and Impoundment Denied: Movant Has Not Shown Emergency or Probable Success on the Merits*

First, the motion for expedited hearing and to impound funds is denied. For reasons set forth below, the Court considers it very unlikely that it will award compensation in excess of the amount that Counsel has already received. Therefore there appears to be no reason for an emergency hearing.

*Facts Regarding Case Prosecution*

This case was filed on June 4, 2001. The bankruptcy schedules, statement of affairs, and chapter 13 plan were due on June 19, 2001. They were not filed timely. Failure to file these pleadings timely violates rules 1007 and 3015 of the Federal Rules of Bankruptcy Procedure (FRBP). In addition, failure to file these pleadings timely (and failure to request and obtain an extension of the deadline) violates paragraph 1 of the Initial Order issued in this case (docket # 2). Finally, failure to file the plan prevents the Debtors from commencing payments timely so that a plan can be successfully confirmed. Failure to commence payments timely can also increase the possibility that secured creditors will file motions to lift the automatic stay. Failure to file the requisite documents timely also prevents the trustee from scheduling and timely completing a § 341 creditors' meeting. If the trustee does not have the requisite pleadings, the trustee cannot proceed with the creditors' meeting in a meaningful way.

On July 9, 2001, the chapter 13 trustee filed a motion to dismiss. The requisite pleadings were then filed on July 19, 2001. The failure to file requisite pleadings and the failure to request an extension of time to file these pleadings resulted in a motion to dismiss and delayed this case about 6 weeks.

On July 26, 2001, the Court issued an order for the Debtors to appear and to show cause why the case should not be dismissed with prejudice for apparent abuse of the bankruptcy process (docket # 11). In addition to failure to file requisite pleadings timely and failure to comply with the Initial Order in the case, the Court noted that this is the Debtors' fifth bankruptcy case in four years. Looking only at the past 18 months, the Debtors have filed three cases. In essence, the Debtors have been protected by the Bankruptcy Code for about 12 of the past 18 months without ever confirming a chapter 13 plan or making any effective progress in that direction:

- Case (00–33146–13—Judge Clark) was filed on April 3, 2000. On August 8, 2000, the case was dismissed on trustee's motion.
- Case (00–40262–13—Judge Greendyke) was filed on November 6, 2000.

On March 26, 2001, the case was dismissed on trustee's motion.

- The present case was filed on June 4, 2001, and has recently been dismissed with prejudice.

At the hearing on August 21, Counsel appeared and assured the Court that the Debtors' prior failures were related to Debtors' poor health and that the Debtors could now both confirm and complete a chapter 13 plan.

On October 3, 2001, the chapter 13 trustee again filed a motion to dismiss the case. This time the trustee alleged that the Debtors had not filed 1997, 1999, or 2000 tax returns and that certain amendments were required to the Debtors' schedules and/or statement of financial affairs as discussed at the creditors' meeting. Counsel did not resolve the alleged deficiencies, nor did he file a response to the motion to dismiss. Paragraphs 4–7 of the Initial Order (doc. # 2) requires that Counsel do one or the other within 20 days after the Trustee files a motion to dismiss.

The rescheduled confirmation hearing was conducted on November 1, 2001. At that hearing, the trustee reported that the deficiencies noted in his motion to dismiss had not been cured. The Court dismissed the case with prejudice to refiling within 180 days.

*Analysis and Conclusions*

Prior to 1994, the standards for determination of compensation for professionals in a bankruptcy case were discussed and determined in such cases as *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *Matter of U.S. Golf Corp.*, 639 F.2d 1197 (5th Cir.1981), *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir.1990).

In *Grant*, the Eleventh Circuit explained the state of the jurisprudence in 1990 as follows:

> In determining attorney's fees, a judge must 1) determine the nature and extent of the services rendered; 2) determine the value of those services; and 3) consider the factors laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) and explain how they affect the award. *Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1299–1300 (5th Cir.), *cert. denied sub nom., Baddock v. American Benefit Life Ins. Co.*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). In the bankruptcy context, the judge must also consider whether the bankruptcy assets were administered as economically as possible and whether any of the services rendered were duplicative or non-legal. *Matter of U.S. Golf Corp.*, 639 F.2d 1197, 1201 (5th Cir.1981).[1]

The *Grant* court explained the *Johnson* factors in its footnote 9 as follows:

> The twelve factors listed in *Johnson* are as follows: (1) the time and labor required, (2) the novelty and difficulty of the legal questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12)

---

1. *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 877 (11th Cir.1990).

awards in similar cases. *Johnson,* 488 F.2d at 717–719.[2]

In 1994, Congress extensively revised the Bankruptcy Code, codifying many of the principles announced in those cases. As amended, the Bankruptcy Code now provides statutory guidance for the allowance of attorneys fees:

Bankruptcy Code § 330(a)(4)(B) provides that:

> In a ... chapter 13 case .. the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

The "other factors set forth in this section" refer to Bankruptcy Code § 330(a)(3) and (4). Section 330(a)(3) provides that in determining "reasonable compensation:"

> [T]he court shall consider *the nature, the extent, and the value* of such services, taking into account *all relevant factors, including—*
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) *whether the services were* necessary to the administration of, or *beneficial* at the time at which the service was rendered *toward the completion of a case* under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary

> compensation charged by comparably skilled practitioners in cases other than cases under this title. [Emphasis supplied.]

In addition, Bankruptcy Code § 330(a)(4)(A) instructs the Court that:

> [T]he court shall not allow compensation for—
>
> (i) unnecessary duplication of services; or
>
> (ii) services that were not—
>
> (I) reasonably likely to benefit the debtor's estate; or
>
> (II) necessary to the administration of the case.

In addition, Bankruptcy Code § 329 (implemented by Rule 2016(B) of the Federal Rules of Bankruptcy Procedure) provides that:

> Any attorney representing a debtor in a case under this title ... whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid ... *If such compensation exceeds the reasonable value* of any such services, the court may cancel any such agreement, or order the return of any such payment ... [Emphasis supplied.]

▇▇▇ In this case, Counsel has submitted a list of dates that he performed legal work for the Debtors, a description of the work performed, and an itemization of the time spent on each date. That satisfies the requirement of § 330(a)(3)(A). Counsel also disclosed that he charges $195 per hour for work outside of court and $225 per hour for work in court. That satisfies the requirement of § 330(a)(3)(B). The Court cannot make a determination with respect to the other illustrative factors mentioned by the statute. Time sheets

---

**2.** *Id.* at 878 n. 9.

are just not sufficient for that. Counsel must present additional evidence on those elements.

Perhaps more important, based on the facts of this case, the Court doubts that Counsel is entitled to even the fee that he has already received. It would be wrong to interpret this decision as suggesting that an attorney is only entitled to compensation in a chapter 13 case if the debtors successfully confirm a plan. It would also be wrong to interpret this decision as suggesting that an attorney should suffer if the client does not fulfill one or more of the requirements of the Bankruptcy Code.

But it is fair to interpret Bankruptcy Code § 330 and its jurisprudential sources as requiring the Court to assess the quality of legal representation by evaluating how effectively, how efficiently, and how professionally a case is prosecuted. The Court remembers the hearings in this case, and the Court has reviewed the docket sheet in this case. As set forth above, the Initial Order for effective and efficient prosecution of the case was ignored. The provisions of the Federal Rules of Bankruptcy Procedure regarding deadlines for filing bankruptcy schedules, financial statements, and a chapter 13 plan were violated. Tax returns were not filed. Bankruptcy schedules were not amended. Counsel did not file motions for extension of deadlines. The trustee's motion to dismiss went unanswered.

Effective, efficient, and professional representation requires more than filing a "bare bones" petition and then waiting to defend contested matters brought by adverse parties. The highest level of effective, efficient, and professional representation is exemplified by counsel who have a proactive strategy (and implementation of that strategy) to satisfy the requirements of the Code, Rules, and orders and who have a proactive strategy (and implementation of that strategy) to achieve early plan confirmation without the necessity to defend motions to dismiss or motions for relief from the stay. Obviously, through no fault of their own, even the best counsel will not always achieve this goal. The possible reasons are legion, including lack of cooperation from clients, clients' inability or failure to provide accurate information, clients' inability or failure to make chapter 13 plan payments, aggressive and litigious creditors, *etc.* When these problems occur, effective, efficient, and professional representation requires prompt and appropriate responses. Failure to meet deadlines, failure to seek extensions of deadlines, failure to amend schedules, and a purely reactive posture are evidence of the lack of effective, efficient, and professional representation. Finally, although this Court does not suggest that an attorney should suffer because a client failed to confirm or to complete a chapter 13 plan, filing a case or filing a plan that has no reasonable prospect for success in egregious situations suggests that the value of the attorneys services (which the Court is required by §§ 329 and 330(a)(3) to determine) is minimal.

Therefore, in addition to considering the number of hours that counsel worked and in addition to considering Counsel's hourly rate, the Court must consider the other factors set forth in Bankruptcy Code § 330 and the Court will consider whether counsel's work was effective, efficient, and professional. To the extent that Counsel has already received more than the Court considers to be the reasonable value of such services, under Bankruptcy Code § 329 the Court will require the return of those payments.

**THEREFORE IT IS ORDERED THAT:**

1. The motion for emergency hearing (docket # 24) is denied.

2. The Court will conduct a hearing on December 18, 2001, at 3:00 p.m. at which Counsel shall have the opportunity to present such evidence and argument as he believes appropriate in support of his attorneys fees.